RECEIVED
IN LAKE CHARLES, LA
DEC 19 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MALBERT J. LEWIS | : | DOCKET NO. 2:06 CV 1268 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| KEITH MCQUAID | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is the United States' Motion to Dismiss or Alternatively, Motion for Summary Judgment [doc. 4] filed on behalf of Keith McQuaid. The plaintiff, Malbert J. Lewis, has filed an opposition.

## FACTS[1]

The pro se plaintiff, Lewis, is a veteran of World War II and suffers from hypertension. In June 1992, Lewis filed a claim for disability compensation with the Department of Veterans Affairs (VA) seeking to establish a service connection for hypertension. On January 4, 1993, the VA Regional Office (VARO) denied Lewis' claim. Lewis did not appeal and the decision became a final agency decision.

In March 1994, Lewis sought to reopen his claim and was informed by the VA that, in order to do so, he would need to provide new and material evidence. The VARO determined that the evidence submitted by Lewis was not sufficient to reopen his claim. Lewis thereupon filed a Notice

---

[1] Most of the facts set out below are derived from *Lewis v. Nicholson*, No. 04-0223, 2005 WL 2046355 (Vet. App. August 2, 2005) (appended to Plaintiff's Opp.).

1

of Disagreement in April 2000.

In May 2001, the Board of Veterans' Appeals (BVA) remanded Lewis' claim. The VA then issued a July 2001 Supplemental Statement of the Case wherein they again denied the claim, noting that there was a lack of evidence to establish a service connection. The issue was again appealed to the BVA and a hearing was held in March 2002.

In June 2002, the BVA reopened Lewis' claim and granted a service connection for hypertension. The VARO, in July 2002, rated Lewis' hypertension as 10% disabling with an effective date of March 3, 1994. Lewis again filed a Notice of Disagreement, requesting a 100% rating and an effective date of July 1, 1994. In June 2003, the VA increased his service-connected rating to 20%, but denied the request for an earlier effective date.

In July 2003, Lewis appealed this decision to the BVA. On January 23, 2004, the BVA denied both an earlier effective date and a rating in excess of 20%. Lewis then appealed to the United States Court of Appeals for Veterans Claims (CAVC). By decision dated August 2, 2005, the CAVC vacated the BVA's January 2004 decision and remanded for additional medical testing and an expedited readjudication.

On January 30, 2006, an examination was conducted at the VA Medical Center in Alexandria, Louisiana. In March 2006, the VA Appeals Management Center sent Lewis a Supplemental Statement of the Case which stated that Lewis' symptoms are indicative of a 60% evaluation.

On July 27, 2006, Lewis filed the instant lawsuit against McQuaid, an official with VA Appeals Management Center, both in his individual and official capacities.[2] Lewis alleges that

---

[2] Complaint 4 [doc. 1].

McQuaid violated his constitutional rights by failing to expedite Lewis' claim, violating an order of the CAVC, and taking away "an award that had been previously made."[3]

## STANDARD OF REVIEW

Because the movant did not introduce matters outside of the pleadings, the court will consider this a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).

The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex. 1995)).

On a Rule 12(b)(1) motion, the court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson*, 645 F.2d at 413). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

---

[3] Id. at 3, ¶ 7.

3

The dismissal of an action on the basis of a lack of subject matter jurisdiction is not an adjudication upon the merits and does not prevent the plaintiff from pursuing a claim in a court that has proper jurisdiction. *Id.*; FED.R.CIV.P. 41(b).

## ANALYSIS

As an initial matter, the court must determine whether it has jurisdiction over the subject matter of Lewis' claim. In this regard, the court finds *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995), particularly instructive.

Gary Zuspann, a veteran of the Gulf War, was exposed to a variety pollutants while on duty in the Persian Gulf and later in the Philippines. *Id.* at 1157. Upon returning to the U.S., Zuspann was diagnosed by private physicians with "chemical sensitivity." *Id.* A VA physician, however, determined that "chemical sensitivity" was not a true medical condition. *Id.* Based upon this doctor's diagnosis, the VA discharged Zuspann and denied him additional treatment.

Zuspann sued four defendants in federal district court in their capacities as VA officials for an alleged violation of the Rehabilitation Act of 1972. *Id.* Zuspann also brought a *Bivens* action against three of the defendants in their individual capacities, alleging the denial of a constitutionally protected property interest in medical benefits. *Id.* at 1157-58. The district court dismised the statutory and constitutional claims under 38 U.S.C. § 511(a) and Zuspann appealed. *Id.* at 1158.

Section 511 precludes judicial review of veterans' benefits determinations. *Id.*; *see also Lundy v. Department of Veterans Affairs*, 142 F.Supp.2d. 776, 779 (W.D. La. 2001). It provides, in pertinent part:

The Secretary [of Veterans Affairs] shall decide all questions of law and fact

4

necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [the exceptions in] subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise. 38 U.S.C. § 511(a).

On appeal, the Fifth Circuit held that because Zuspann "couches his challenge to the benefits determination in constitutional terms does not remove it from § 511's preclusion of judicial review of benefits decisions." *Zuspann*, 60 F.3d at 1159 (citing *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994); *Anderson v. Veterans Admin.*, 559 F.2d 935, 936 (5th Cir. 1977)). With regard to the *Bivens* action against the defendants, the Fifth Circuit affirmed the district court's finding that no cause of action lies against VA employees in their individual capacities. *Id.* at 1160. The circuit court reasoned that "[s]pecial factors counsel hesitation to create a *Bivens* remedy in this case." *Id.* at 1161.

As in *Zuspann*, the court finds that because Lewis cloaks his challenge to a benefits determination as a constitutional claim against McQuaid does not remove it from § 511's preclusion of judicial review.

Moreover, the court finds that the Veterans' Judicial Review Act (VJRA), 38 U.S.C. §§ 7251–7298, expresses Congress' intent to preclude review of benefits determinations in federal district courts. *See Zuspann*, 60 F.3d at 1158-59. The VJRA provides veterans with a comprehensive system of claim review. "[U]nder the statutory scheme, judicial review...may be had only by appealing to the Board, then to the [CAVC], the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Dept. Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).

Accordingly, the Motion to Dismiss filed on behalf of Keith McQuaid will be granted on

5

jurisdictional grounds. The court will not reach the Rule 12(b)(6) question.[4]

Lake Charles, Louisiana, this  18  day of  Dec , 2006

*signature*

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P. 12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6).").